UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD CECIL CARDWELL,

           Petitioner,          Case No. 2:21-cv-12875
                                            Hon. Denise Page Hood

v.

GARY MINIARD,

           Respondent.
_____/

**ORDER (1) GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE (ECF No. 6), AND (2) DENYING RESPONDENT'S MOTION FOR IMMEDIATE CONSIDERATION AS MOOT (ECF No. 7)**

Petitioner Ronald Cecil Cardwell filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising claims that he presented to the Michigan courts on direct review. Presently before the Court is Petitioner's motion to stay proceedings and hold the petition in abeyance so he can return to state court and file a motion for relief from judgment. (ECF No. 6.) Respondent filed a motion seeking resolution of Petitioner's motion before it's responsive pleading is due. In its motion, Respondent does not state any opposition to Petitioner's request for a stay. (ECF No. 7.)

A federal district court has discretion to stay a petition to allow a petitioner to present unexhausted claims to the state courts and then return

to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277. Respondent does not contest Petitioner's allegation that the one-year statute of limitations poses a concern, that he is not engaged in dilatory tactics, and that his unexhausted claims are not plainly meritless.

For the reasons stated in Petitioner and Respondent's motions, the Court concludes that a stay is warranted. The Court will hold the habeas petition in abeyance while he attempts to exhaust his new claims in state court.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's motion to hold her habeas petition in abeyance while he pursues state-court remedies is **GRANTED**. This stay is conditioned upon Petitioner fully exhausting his state-court remedies, including, if necessary, seeking timely review in the Michigan Court of Appeals and Michigan Supreme Court in the manner provided under Michigan law. The stay is further conditioned on Petitioner's

return to this Court, with a motion to re-open and amend his petition, using the same caption and case number included at the top of this Order, within 60 days of fully exhausting his state court remedies. *See, e.g., Wagner v. Smith*, 581 F.3d 410, 411 (6th Cir. 2009)(discussing similar procedure). If Petitioner fails to comply with any of the conditions described in this paragraph, the Court may dismiss his petition and/or rule only on his currently-exhausted claims. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** this case for administrative purposes only. Nothing in this Order or the related docket entry shall be construed as an adjudication of any of Petitioner's claims. *See Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002).

**IT IS FURTHER ORDERED** that Respondent's motion for immediate consideration is denied as moot.

s/Denise Page Hood
Denise Page Hood
United States District Court

Dated: March 25, 2022